FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 8 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
:
RICARDO BROOKS GAMEZ,        :  **MEMORANDUM AND ORDER**
:
                Plaintiff,    :  12 Civ. 2073 (BMC)(LB)
:
  - against -                  :
:
STATE OF NEW YORK, et al.,    :
:
                Defendants.   :
:
---------------------------------------------------------- X

**COGAN**, District Judge.

        Plaintiff has a long history of filing non-meritorious actions in this Court.[1] In fact, on January 12, 2012, the Court barred plaintiff from filing any new civil actions without leave of

---

[1] Gamez has filed forty such cases. See Gamez v. Court Room 41 et al., 10 CV 5414 (JG) (pending § 1983 against Rikers Island Correctional Facility guards); Gamez v. New York et al., 11 CV 1918 (JG) (dismissed by order dated May 4, 2011, as claims were found to be duplicative and frivolous); Gamez v. The State of New York et al., 11 CV 1921 (JG) (dismissed by order dated May 4, 2011, as frivolous); Gamez v. The State of New York et al., 11 CV 2760 (JG) (dismissed by order dated July 25, 2011, as frivolous); Gamez v. The State of New York et al., 11 CV 2829 (JG) (dismissed by order dated July 25, 2011, as frivolous); Gamez v. The State of New York et al., 11 CV 3374 (BMC) (dismissed by order dated July 18, 2011, for failure to state a claim and as frivolous); Gamez v. U.S. District Court et al., 11 CV 4068 (KAM) (dismissed by order dated September 6, 2011, for failure to state a claim and as frivolous); Gamez v. State of N.Y. et al., 11 CV 4069 (JG) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York, 11 CV 4070 (JG) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York, 11 CV 4316 (JG) (dismissed by order dated December 27, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York, 11 CV 4317 (JG) (dismissed by order dated December 27, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York, 11 CV 4318 (JG) (dismissed by order dated December 27, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York, 11 CV 4319 (JG) (dismissed by order dated December 27, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York, 11 CV 4320 (JG) (dismissed by order dated December 27, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 4457 (JG) (dismissed by order dated December 29, 2011, for failure to state a claim and as frivolous); Gamez v. Court Room 41 et al., 11 CV 4458 (JG) (dismissed by order dated December 29, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 4459 (JG) (dismissed by order dated December 29, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 4460 (JG) (dismissed by order dated December 29, 2011, for failure to state a claim and as frivolous);

Court. See Gamez v. The White Satan et al., 11 CV 6128 (BMC); Gamez v. State of New York et al., 11 CV 6132 (BMC).

The instant action was filed on January 10, 2012, prior to the Court Order enjoining plaintiff from filing any new civil actions. Accordingly, the Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses plaintiff's complaint as frivolous and for failure to state a claim upon which relief may be granted.

---

Gamez v. State of New York et al., 11 CV 4461 (JG) (dismissed by order dated December 29, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 4462 (JG) (dismissed by order dated December 29, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 4463 (JG) (dismissed by order dated December 29, 2011, for failure to state a claim and as frivolous); Gamez v. LAPD, 11 CV 4678 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 4679 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 4681 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 5435 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. Court Room 41 et al., 11 CV 5436 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 5437 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 5438 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State and Municipality of N.Y. et al., 11 CV 5439 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. Court Room 41 et al., 11 CV 6126 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State and Muncipality of NY et al., 11 CV 6127 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. The White Satan et al., 11 CV 6128 (BMC) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous; permanent injunction issued on January 12, 2012, enjoining plaintiff from filing any new actions without first obtaining leave of Court); Gamez v. NY et al., 11 CV 6129 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. NYS Probation et al., 11 CV 6130 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. NYC DOC et al., 11 CV 6131 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 6132 (BMC) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous; permanent injunction issued on January 12, 2012, enjoining plaintiff from filing any new actions without first obtaining leave of Court); Gamez v. NY Probation Office et al., 11 CV 6134 (JG) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. US District Court et al., 11 CV 6274 (BMC) (dismissed by order dated December 30, 2011, for failure to state a claim and as frivolous); Gamez v. State of New York et al., 11 CV 6275 (BMC) (dismissed by order dated Jan. 5, 2012, for failure to state a claim and as frivolous).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

In the instant complaint, plaintiff once again alleges that he was attacked while he was an inmate at Rikers Island Correctional Facility ("Rikers"); that there was drug use at Rikers; and that contraband was "planted" inside his cell while at Rikers in retaliation for his prior claims that corrections officers were involved in drug related activities. Moreover, plaintiff alleges that

he was a victim of "grand larceny"; that his probation officer constantly threatened and disrespected him; and that he is constantly attacked on the streets of New York. Gamez seeks 250,000,000.00 dollars in monetary damages.

The allegations noted above are duplicative of claims plaintiff has asserted in his prior complaints – the vast majority of which have been dismissed for frivolousness and for failure to state a claim. Furthermore, each of these claims has been alleged in plaintiff's pending case against the State of New York et al. See, Gamez v. Court Room Part 41, Judge R. Zweiward (SIC) et al. 10 CV 5414 (JG). Consequently, this case must be dismissed. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."); see also Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) ("Dismissal of appellant's recycled claims was not only appropriate but virtually mandatory"). Because the deficiencies in plaintiff's complaint cannot be corrected, leave to file an amended complaint is not warranted.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(b)(i). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter Judgment against plaintiff and to mail him a copy of this Decision and Order.

**SO ORDERED.**

/Signed by Judge Brian M.
_____
U.S.D.J.

Dated: Brooklyn, New York
May 18, 2012